Eric T. ROBINSON, Plaintiff-Appellant,

v.

Gary MCCAUGHTRY, R. Giannoni, and Capt. Oestreich,
Defendants-Respondents.

Court of Appeals

*No. 92–0066. Submitted on briefs June 24, 1992.—Decided
May 20, 1993.*

(Also reported in 501 N.W.2d 896.)

For the plaintiff-appellant the cause was submitted on the brief of *Eric T. Robinson, pro se,* Fox Lake.

For the defendants-respondents the cause was submitted on the brief of *James E. Doyle,* attorney general, with *Robert M. Hunter,* assistant attorney general.

Before Eich, C.J., Gartzke, P.J., and Sundby, J.

GARTZKE, P.J. Eric Robinson, an inmate at Waupun Correctional Institution, appeals from an order dismissing his complaint against warden Gary McCaughtry, prison director of social services R. Giannoni, and correctional officer Captain Oestreich. He alleges that because the defendants' handling and review of his disciplinary hearing deprived him of due process under the fifth and fourteenth amendments of the United States Constitution, they are liable to him

for damages under 42 U.S.C. § 1983.[1] We conclude that his complaint fails to allege a sec. 1983 claim. The trial court properly granted summary judgment dismissing his complaint.[2] We therefore affirm.

■

Trial and appellate courts apply the same summary judgment methodology. Our review is *de novo* and without deference to the opinion of the trial court. *Kallas v. B&G Realty*, 169 Wis. 2d 412, 417, 485 N.W.2d 278, 280 (Ct. App. 1992).

■

The first step in that methodology is to determine whether the complaint states a claim. If Robinson's complaint fails to allege a basis for a claim under 42 U.S.C. § 1983, it must be dismissed. *Collins v. Ely Lilly Co.*, 116 Wis. 2d 166, 203, 342 N.W.2d 37, 55, *cert. denied*, 469 U.S. 826 (1984). When deciding whether Robinson has alleged a claim under sec. 1983, we assume that the factual allegations of his complaint are true. *Prah v. Maretti*, 108 Wis. 2d 223, 229, 321 N.W.2d 182, 186 (1982).

The complaint is divided between allegations of fact and of law. In the factual part, Robinson alleges that on October 9, 1989, a conduct report charged him with having violated Wis. Adm. Code sec. DOC

---

[1] 42 U.S.C. § 1983 provides in relevant part: "Every person who, under color of any [law] . . ., subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ."

[2] Robinson also pleaded a tort claim based on state law. The trial court dismissed the complaint without discussing the tort claim. On appeal, Robinson does not argue that dismissal of the state tort claim was error.

303.20(3) (1989).[3] The copy of the report attached to the complaint shows that the security director classified the charged offense as "major."[4] The officer issuing the report stated in it that he saw Robinson receive papers from another member of a group of inmates, that he later found the papers in Robinson's back pocket, and that they contained rules for a "specific group," contrary to sec. DOC 303.20(3).

Robinson alleges that at the hearing on the charge, he presented evidence in the form of a written statement by himself and the testimony of two witnesses. The record of testimony and the committee's reasons for its decision and the evidence it relied on are attached to the complaint. Robinson asserted that he had no chance to read the papers before they were seized. One of his witnesses asserted that he handed the papers to Robinson, telling him they were for the Moorish Science Religious organization, and just before the officer seized them Robinson put the papers in his pocket without reading them. The second witness asserted he saw the first inmate hand the papers

---

[3] In 1990, Wis. Adm. Code ch. HSS 303 was renamed ch. DOC 303. We therefore refer throughout this opinion to ch. DOC 303. Wisconsin Adm. Code sec. DOC 303.20(3) provides, "Any inmate who intentionally participates in any activity with the purpose of identifying himself or herself with an inmate gang . . . is guilty of an offense." The conduct report also charged Robinson with having violated sec. DOC 303.63, "Violations of institution policies," but since he was found not guilty on that charge, we confine our discussion to the charge on which he was found guilty, sec. DOC 303.20(3).

[4] With exceptions not relevant to this case, the security director classifies an offense as major or minor. Wisconsin Adm. Code sec. DOC 303.68(2). An alleged major violation results in a "due process" hearing, unless the inmate waives it. Wisconsin Adm. Code sec. DOC 303.76(1).

to Robinson who put them in his pocket without reading them. The disciplinary committee, consisting of Giannoni and Oestreich, found him guilty and imposed four days adjustment segregation, 180 days program segregation and five days loss of good time.[5]

The factual part of the complaint continues that on October 20, 1989, Robinson received a copy of the written "record of witness testimony" which contained scribbled and incomplete statements not giving a clear or accurate summary of his evidence or that of his witnesses. He alleges that the disciplinary committee failed to give a reason for its decision, other than "erroneous assumptions," and he was not proven guilty. He alleges that while the committee found that "he intentionally possessed the hidden agenda of the Moorish Science group and that that is in furtherance of unsanctioned group activity," no evidence was offered to show that his possession was "intentional." McCaughtry affirmed the committee's finding of guilt and its disposition.

Following his factual allegations, Robinson alleges that the defendants violated his right to due process in that he did not receive a fair and impartial hearing, they deliberately ignored institutional policies and procedures "in order to diminish plaintiff's Substantive

---

[5] Inmates in adjustment or program segregation occupy cells for only one person and may be subjected to mechanical restraints. They may not leave their cells except for showers, urgent medical or psychological or clinical attention, visits, and emergencies endangering their safety. Segregation may be imposed only for a major offense. Adjustment segregation may not exceed eight days. Program segregation may not exceed 360 days. *See* Wis. Adm. Code secs. DOC 303.69 and 303.70. Loss of good time, in practical effect, extends an inmate's incarceration by the time lost.

and Constitutional rights," the evidence did not support the guilty finding, and McCaughtry "rubber stamped [Robinson's] appeal." These conclusory allegations add nothing to the complaint. Had they not been supported by the factual allegations they could have been properly subjected to a motion to make more definite and certain or to discovery, with the result that the specific facts on which Robinson relies would have been disclosed. It is those specific factual allegations on which the sufficiency of his sec. 1983 claims must be determined.

Three kinds of sec. 1983 claims may be brought against a state under the due process clause of the fourteenth amendment: first, for a violation of a defendant's rights under a specific protection in the Bill of Rights; second, for a violation of substantive due process; and, third, for a violation of procedural due process. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990).

The complaint fails to allege the first type of sec. 1983 claim. No claim is made in either the factual or legal allegations that the defendants violated Robinson's rights under a specific protection in the Bill of Rights, the first ten amendments to the United States Constitution. While Robinson alleges he was denied due process of law "in violation of . . . the [Fifth] and Fourteenth Amendments of the United State[s] Constitution," it is the fourteenth amendment that specifically applies to the states. The allegation is nothing more than a claim that Robinson was denied due process under the fourteenth amendment. It therefore fails to allege a denial of a specific protection in the Bill of Rights.

Nor do the factual allegations of the complaint show the second type of a sec. 1983 claim, violation of

substantive due process. Substantive due process bars certain arbitrary, wrongful government actions, regardless of the procedures used to implement them. *Zinermon*, 494 U.S. at 125 (citing *Daniels v. Williams*, 474 U.S. 327, 331 (1986)). Robinson's allegations are limited to claimed procedural errors.

■

Whether Robinson alleges procedural errors rising to a type-three sec. 1983 claim, violation of procedural due process, requires a more extended analysis. When a procedural due process violation is claimed, the first question is whether the plaintiff has been deprived of a constitutionally protected interest in life, liberty or property. If such a deprivation has occurred, we reach the second level of analysis: what process was provided and whether it was constitutionally adequate. *Zinermon*, 494 U.S. at 126.

■

When the committee sentenced Robinson to segregation and loss of good time, the conditions and length of his confinement were adversely affected, and he therefore suffered deprivations. Whether the deprivations were of constitutionally protected liberty interests is another matter. To create a constitutionally protected liberty interest, a state law or administrative rule affecting liberty must employ "language of an unmistakenly mandatory character, requiring that certain procedures 'shall,' 'will,' or 'must' be employed . . . and that [the challenged action] will not occur absent specified substantive predicates . . . ." *Hewitt v. Helms*, 459 U.S. 460, 471–72 (1983).

Wisconsin Adm. Code secs. DOC 303.12 through 303.631 prescribe the institutional offenses constituting disciplinary violations. Robinson was charged with a "major" violation. Section DOC 303.64(3)(c) provides

300

that a "major" violation "shall" be disposed of under secs. DOC 303.76 to 303.84. Those rules and the appendix to ch. DOC 303 contain mandatory language applicable to the procedure which must be followed when an inmate is charged with a disciplinary violation. Briefly, a copy of the conduct report "shall" be given to the inmate and "shall" inform the inmate of the rules allegedly violated, the potential penalties and that he or she has the right to a due process hearing. Section DOC 303.76. The rule states when, where and how the hearing is conducted. Section DOC 303.78 covers the inmate's right to an advocate. Section DOC 303.81 covers the inmate's right to request witnesses' testimony. The hearing "shall" be conducted by an adjustment committee consisting of certain persons. Section DOC 303.82. After the hearing the adjustment committee "shall" consider only the evidence presented to it and the inmate's records. Section DOC 303.76(6).

The institution must establish guilt by a preponderance of the evidence. *Id.* The committee must state in writing the evidence it relies on and the reasons for its decision. Appendix note for sec. DOC 303.76. The committee may impose segregation or lost good time only if a substantive basis exists for the imposition. Section DOC 303.84. When deciding on the "sentence," the committee "shall" consider eleven factors. Section DOC 303.83. One or more specified penalties "shall" be imposed and may include adjustment segregation, program segregation and a loss of good time. Section DOC 303.84(1). The length of segregation and good time lost may not exceed that set forth in an accompanying table of offenses.

We conclude that the DOC rules have created a constitutionally protected liberty interest enjoyed by

inmates in not being subjected to adjustment and program segregation and to loss of good time.

Because the committee's sentence deprived Robinson of a protected liberty interest, we reach the second level of analysis of his procedural due process claim: the process provided to him and its constitutional adequacy.

■

*Wolff v. McDonnell*, 418 U.S. 539 (1974), establishes the minimum procedure required by the due process clause before depriving a prisoner of a constitutionally protected liberty interest on account of a disciplinary violation. That procedure consists of (1) advance written notice of the claimed violation, (2) a written statement by the factfinder as to the evidence relied upon and the reasons for the disciplinary action taken, (3) a limited right to call witnesses and present documentary evidence in the prisoner's defense and (4) limitations on the factfinder's discretion in order to prevent arbitrary decision-making. *Id.* at 563–72.

The conduct report charging Robinson shows that a copy of it was given to him on October 9, 1989. The hearing was held on October 19, 1989. The report advised Robinson of the disciplinary rules claimed to have been violated and the facts relied upon by the officer who signed it. As allowed by Wis. Adm. Code sec. DOC 303.76(1), Robinson presented his own evidence including testimony of two witnesses. At the conclusion of the hearing, the committee stated in writing that it relied upon the officer's statement in the conduct report and Robinson's written statement.

The committee gave its reasons for the decision: "A sanctioned group cannot have a hidden agenda, then it becomes an unsanctioned group. We find [Robinson] intentionally possessed the hidden agenda of the Moor-

ish Science group and that that is in furtherance of unsanctioned group activity." The committee also gave a written reason for its disposition: "Very aware of committing the violation. [Temporary lock-up] time considered. Recently came from [Kettle Moraine Correctional Institution] for unsanctioned group activity." The committee's reasons for its decision at disposition were adequately stated.

As we have noted, the committee's discretion is limited by rule. It can impose segregation or loss of good time only if a substantive basis exists, Wis. Adm. Code sec. DOC 303.84; it must consider only the evidence presented to it and the inmate's records, sec. DOC 303.76(6); guilt must be established by a preponderance of the evidence; and when deciding on a sentence the committee must consider specified factors, the sentence imposed cannot exceed those allowed under sec. DOC 303.84(1) and the accompanying table of offenses.

We conclude that the process provided to Robinson before he was deprived of his protected liberty interest satisfied the minimum procedural due process requirements the United States Supreme Court established in *Wolff*. The process provided to him was therefore constitutionally adequate. Consequently, Robinson has failed to plead a sec. 1983 claim of the third type described in *Zinermon*.

For that reason, it is irrelevant to our analysis of his sec. 1983 claim that Robinson also alleges the evidence to establish his guilt was insufficient, the committee's reasons were based on erroneous assumptions and the committee failed to provide a clear or accurate summary of his testimony or that of his witnesses. Whether or not those additional errors occurred

does not detract from our conclusion that he received the minimum due process required by *Wolff* before he was deprived of his liberty interest. Robinson has no constitutional right to greater predeprivational procedural protections than those specified by the *Wolff* court. Those protections were provided to him. The claimed additional errors do not provide a basis for a 42 U.S.C. § 1983 action. They are reachable in an action for judicial review in state court. Such an action may be brought by petition for certiorari in the circuit court. *State ex rel. Meeks v. Gagnon*, 95 Wis. 2d 115, 119, 289 N.W.2d 357, 361 (Ct. App. 1980).

We do not reach the state's argument that Robinson's right to petition the circuit court for certiorari was an adequate postdeprivation remedy which would afford him procedural due process. Robinson received procedural due process *before* he was deprived of his liberty interest. That satisfies the "root requirement" of due process: " 'that an individual be given an opportunity for a hearing *before* he is deprived of any significant [protected] interest.' " *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (quoting *Boddie v. Connecticut*, 401 U.S. 371, 379 (1971)) (emphasis in original). The adequacy of his postdeprivation remedies is therefore irrelevant.

We conclude that because it does not state a claim under 42 U.S.C. § 1983, Robinson's complaint was properly dismissed.

*By the Court.*—Order affirmed.